UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | : : : : |
| Plaintiffs, | : Case No. 3:22-cv-179 : : Judge Thomas M. Rose : |
| v. | : : |
| C&C REINFORCING LLC, *et al.*, | : : : |
| Defendants. | : : |

**ENTRY AND ORDER GRANTING PLAINTIFFS' BILL OF COSTS
(DOC. NO. 14)**

Before the Court is Plaintiffs' Bill of Costs ("Motion"), in which Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively, "Plaintiffs") seek: 1) attorneys' fees and other costs arising from prosecuting Plaintiffs' Motion for Order to Enforce Settlement Agreement; and 2) prejudgment interest at the rate of 18% per annum. (Doc. No. 14 at PageID 237.)

For the reasons explained below, the Court **GRANTS** the Motion.

I.     <u>BACKGROUND</u>

Plaintiffs filed the present action against Defendants C&C Reinforcing LLC and Curtis Hollywood (collectively, "Defendants") on July 6, 2022. (Doc. No. 1.) On May 2, 2023, Plaintiffs, as a result of a settlement agreement with Defendants, filed a motion to dismiss pursuant to Rule 41(a)(2). (Doc. No. 8.) The Parties further requested that this Court retain jurisdiction over the

1

settlement agreement in this matter. (*Id*.) On May 18, 2023, the Court granted the motion to dismiss and retained jurisdiction over the settlement agreement. (Doc. No. 11.)

Plaintiffs subsequently filed Plaintiffs' Motion for Order to Enforce Settlement Agreement. (Doc. No. 12.) The motion alleged that Defendants failed to comply with the settlement agreement because they had failed to make payments as a result of an auditor's monetary findings. (*Id*. at PageID 161.) The Court granted the motion on July 11, 2023. (Doc. No. 13.)

Plaintiffs filed the present Motion on August 18, 2023. (Doc. No. 14.) Defendants did not file a response. Accordingly, this matter is ripe for review and decision.

## II. ANALYSIS

Plaintiffs' Motion seeks an order awarding attorney's fees as a result of their efforts to prosecute the enforcement motion and prejudgment interest. (Doc. No. 14 at PageID 237.) The Court will address each request in turn.

### A. Award of Attorney's Fees

Plaintiffs first move for an order granting them attorney's fees and costs arising from their efforts to enforce the settlement agreement. (Doc. No. 14 at PageID 237.) Specifically, Plaintiffs seek to recoup $1,868.75 in attorney's fees incurred as a result of having to file their enforcement motion. (*Id*.)

"In determining whether to impose attorney's fees when enforcing a settlement agreement, courts look to the laws of the state in which it sits." *Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 U.S. Dist. LEXIS 134799, at *8, 2023 WL 4933269, at *3 (S.D. Ohio Aug. 2, 2023) (citing *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1191-94 (S.D. Ohio 2013)). Under the terms of the settlement agreement, the laws of the State of Ohio govern the settlement agreement. (Doc. No. 11-1.)

2

"'Ohio has long adhered to the 'American rule' with respect to the recovery of attorney['s] fees: a prevailing party in a civil action may not recover attorney['s] fees as a part of the cost of litigation.'" *Jackson*, 2023 U.S. Dist. LEXIS 134799, at *8, 2023 WL 4933269, at *3 (quoting *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 548, 906 N.E.2d 396, 400 (Ohio 2009)). "'Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of the settlement agreement makes litigation necessary, even where none of the exceptions to the American Rule have been shown' and '[n]either party had acted in bad faith.'" *Jackson*, 2023 U.S. Dist. LEXIS 134799, at *8-9, 2023 WL 4933269, at *3 (quoting *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012)).

To determine the appropriate amount of attorney's fees, the Court must first determine the "lodestar." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar "is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The Sixth Circuit has deemed itemized billing records sufficient where such records specify for each entry: (a) the date of billed time; (b) the individual recording the time; (c) the fractional hours billed; (d) the specific task completed; and (e) the information identifying the client. *Bd. of Tr. of Ohio Laborers' Fringe Benefits Programs v. LA Williams Constr.*, No. 2:16-cv-304, 2017 U.S. Dist. LEXIS 103200, at *10, 2017 WL 2858277, at *4 (S.D. Ohio July 5, 2017) (citing *Imwalle*, 515 F.3d at 553-54).

In support of its Motion, Plaintiffs attached a declaration from Jonah Grabelsky stating that 5.75 hours of work were performed in relation to the motion to enforce the settlement agreement. (Doc. No. 14-1 at PageID 244.)  He further states that the hourly rate for this work was $325 per hour. (*Id*.) Plaintiffs further attach a record of the tasks performed in relation to the 5.75 hours of

work.  (Doc. No. 14-2.)  In total, Plaintiffs documentation demonstrates that they incurred $1,868.75 in attorney's fees in relation to enforcing the settlement agreement in this matter.  (Doc. No. 14-2.)  The Court is satisfied that $325 is a reasonable hourly rate and the amount of attorney's fees is appropriate in this instance.

Therefore, Defendants are ordered to pay Plaintiffs $1,868.75 in attorney's fees.

### B.  <u>Award of Prejudgment Interest</u>

Plaintiffs further moves for prejudgment interest at the rate of 18% per annum.  (Doc. No. 14 at PageID 237.)  Indeed, the settlement agreement reflects that a rate of 18% per annum would apply in the event of a default, such as the failure to make an audit finding payment.  (Doc. No. 11-1.)  Specifically, Plaintiffs argue that the prejudgment interest accrued at 1.5% per month from April to August, resulting in $2,978.40 in interest due.  (Doc. No. 14 at PageID 241.)

The terms of the settlement agreement may govern when prejudgment interest begins to accrue.  *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, at *15, 2018 WL 1127653, at *5 (N.D. Ohio Mar. 2, 2018).  Moreover, courts in Ohio have consistently held, "that in the absence of a statutory provision or specific agreement to the contrary, only simple interest accrues."  *Mayer v. Medancic*, 124 Ohio St. 3d 101, 104-105, 2009-Ohio-6190, at ¶ 14, 919 N.E.2d 721, 724 (Ohio 2009) (collecting cases).  Ohio Rev. Code § 1343.03(A) provides that "upon any settlement between parties… the creditor is entitled to interest at the rate provided in that contract."

The Court found that Plaintiffs were owed $39,712.21 due to Defendants violation of the settlement agreement.  (Doc. No. 13 at PageID 235.)  At 18% per annum, or 1.5% per month, for the period between April and August 2023, the prejudgment interest amounts to $2,978.40.  Therefore, Plaintiffs are entitled to $2,978.40 in prejudgment interest.

**III.     CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiffs' Bill of Costs (Doc. No. 14). A monetary judgment is issued in favor of Plaintiffs and against Defendants for **$1,868.75** in attorney's fees.  A monetary judgment is issued in favor of Plaintiffs and against Defendants for **$2,978.40** in prejudgment interest.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 7, 2023.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
